Gary R. Selvin, State Bar No. 112030
Robin D. Korte, State Bar No. 182553
SELVIN WRAITH LLP
6250 Claremont Avenue, Suite 200
Oakland, CA 94618
Telephone:    (510) 874-1811
Facsimile:    (510) 465-8976
E-mail:  gselvin@selvinwraith.com
         rkorte@selvinwraith.com

Attorneys for Plaintiff,
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>        v.<br><br>ESTATE OF LAURENT VALLEE, Deceased, CASEY SPROUL, ANDREW SPROUL, BRENDAN SPROUL, a minor, by his guardian ad litem, PATRICK SPROUL, a minor, by his guardian ad litem; and DOES 1 – 10, Inclusive,<br><br>                Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

For its Complaint for Declaratory Relief (the "Complaint"), Plaintiff Farmers Direct Property and Casualty Insurance Company ("Farmers") plead as follows:

## I.   INTRODUCTION

1. Farmers files this action seeking a judicial determination that it has no duty to defend or indemnify the Estate of Laurent Vallee ("Estate") against a lawsuit which alleges that Laurent Vallee, now deceased, beat Casey Sproul with a baseball bat. *Casey Sproul, et al. v. Leslie Vallee, an individual, and Estate of Laurent Vallee*, Contra Costa County Superior Court, Case No. C23-00775 ("the Underlying Action").

## II.   PARTIES

2. At all times referenced herein, Plaintiff was and is an insurance company incorporated

in the state of Rhode Island with its principal place of business at 700 Quaker Lane, Warwick, Rhode Island.  It is authorized to transact business and write insurance in the State of California.

3. Estate of Laurent Vallee ("Estate") is an estate in Contra Costa County, California, and a citizen of California, formed after the death of Laurent Vallee.  It is a defendant in the Underlying Action.

4. Casey Sproul, Andrew Sproul, Brendan Sproul, and Patrick Sproul ("Underlying Plaintiffs") are plaintiffs in the Underlying Action.  Each is a citizen of Moraga, Contra Costa County, California.

5. Farmers has named the Underlying Plaintiffs as party defendants because they are potential judgment creditors against Farmers.  They are named to bind them to any judicial determination of coverage made herein.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000, and the parties are citizens of different states.  The amount in controversy is $300,000.  An actual justiciable controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. §2201 regarding the scope and extent of insurance coverage provided under a Farmers policy issued to Leslie Vallee and Laurent X Vallee in a pending action, as described below.

7. The Northern District of California is the appropriate venue as it is the federal court for matters within the Contra Costa County.  Farmers issued its policy in Contra Costa County and the place of performance is in Contra Costa County.

### IV.   FACTUAL ALLEGATIONS

**A.     Underlying Action**

8. On April 4, 2023, Plaintiffs Casey Sproul, Andrew Sproul, Brendan Sproul, and Patrick Sproul, filed suit against Defendants Leslie Vallee, an individual, and as Personal Representative of the Estate of Laurent Vallee, deceased; and Does 1 through 10 and a First Amended Complaint ("FAC") modifying the defendants to Leslie Vallee and the Estate of Laurent Vallee.  The FAC limited recovery from the Estate of Laurent Vallee under the probate code to the extent of the

1  Estate's insurance.  Thus, the issue of insurance coverage is ripe for adjudication and the institution
2  of this lawsuit will not prejudice the Estate or any parties herein.

3   9. The FAC alleges that on February 12, 2022, Leslie Vallee's deceased husband,
4  Laurent Vallee, entered the Sprouls' neighboring backyard and violently attacked Casey Sproul with
5  a metal baseball bat.  Her sons, Brendan and Patrick, witnessed the assault.  The FAC also alleges
6  various types of negligence against Leslie, and Farmers is defending her in that lawsuit.  The
7  coverage issues related to Leslie are not at issue herein.

**B.     FARMERS POLICY PROVISIONS**

10. Farmers issued Homeowners Insurance Policy no. 8993370284 to Leslie Vallee and Laurent X Vallee, in effect from June 13, 2021 to June 13, 2022 ("the Policy"), with respect to their home located at 365 Birchwood Drive in Moraga, California.

11. As relevant to claims at issue in the Underlying Action, the Policy provides coverage as follows under Form HP6000 0205:

> **LIABILITY, MEDICAL EXPENSES AND OPTIONAL COVERAGES:**
> **SECTION II - LOSSES WE COVER**
> **COVERAGE F - PERSONAL LIABILITY**
> **Agreement**. We will pay all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence to which this coverage applies. This includes prejudgment interest awarded against you.
> We will defend you, at our expense with counsel of our choice, against any suit seeking these damages.
> […]
> **SECTION II - LOSSES WE DO NOT COVER**
> **COVERAGE F-PERSONAL LIABILITY AND COVERAGE G -MEDICAL PAYMENTS TO OTHERS**
> 1. Intentional Loss. We do not cover bodily injury or property damage which is reasonably expected or intended by you or which is the result of your intentional and criminal acts or omissions. This exclusion is applicable even if:

    A. you lack the mental capacity to govern your conduct;

    B. such bodily injury or property damage is of a different kind or degree than reasonably expected or intended by you; or

    C. such bodily injury or property damage is sustained by a different person than expected or intended by you.

This exclusion applies regardless of whether you are actually charged with or convicted of a crime. However, this exclusion does not apply to bodily injury or property damage resulting from the use of reasonable force by you to protect persons or property.

[…]

18. Abuse. We do not cover bodily injury caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person. This exclusion applies whether the bodily injury is inflicted by you or directed by you for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person.

19. Emotional and Mental Anguish. We do not cover bodily injury caused by or resulting from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury. However, this exclusion does not apply if the person seeking damages from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury has first experienced direct physical harm.

12. The policy includes the following definitions:

"Bodily injury" means any physical harm to the body including any resulting sickness or disease. This term includes required care, loss of services and death if it is a result of such physical harm, sickness or disease.

[…]

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the term of the policy.

[…]

"Property damage" means physical damage to or destruction of tangible property, including loss of use of this property.

"You" and "your" mean:

1. the person or persons named in the Declarations and if a resident of the same household:

   A. the spouse of such person or persons;

   B. the relatives of either; or

   C. any other person under the age of twenty-one in the care of any of the above

## FIRST CAUSE OF ACTION

**(Declaratory Relief re Farmer's Duty to Defend)**
**(As to the Estate)**

13. Farmers realleges and incorporates herein by reference paragraphs 1 through 12, as though fully set forth in this cause of action.

14. Farmers contends it does not owe a duty to defend the Estate because the allegations against the Estate in the Underlying Action do not qualify as an "occurrence," and are excluded by the following exclusions: "Intentional Loss" exclusion, the "Abuse" exclusion, and the Emotional and Mental Anguish exclusion. In addition, any obligations to the Estate are statutorily barred by Insurance Code section 533.

15. Farmers is informed and believes that the Estate contends to the contrary.

16. Farmers desires a judicial determination and declaration of its rights and obligations under the Policy.

17. It is both necessary and proper at this time for the Court to determine the parties' rights, duties, and obligations with respect to the Underlying Action. An actual, present and justiciable controversy has therefore arisen between Farmers and the Defendants regarding the duties

owed, if any, to the Estate with respect to the Underlying Action.

18. No adequate remedy at law is available to Farmers. A judicial declaration is necessary and appropriate at this time in order that Farmers may obtain a judicial determination that Farmers is not obligated to defend the Estate under the Policy in the Underlying Action.

WHEREFORE, Farmers prays for judgment as set forth hereafter.

## SECOND CAUSE OF ACTION

**(Declaratory Relief re Farmers' Duty to Indemnify)**
**(As to All Defendants)**

19. Farmers realleges and incorporates herein by reference paragraphs 1 through 18, as though fully set forth in this cause of action.

20. Farmers contends it does not owe a duty to indemnify the Estate because the allegations against the Estate in the Underlying Action do not qualify as an "occurrence," and are excluded by the following exclusions: "Intentional Loss" exclusion, the "Abuse" exclusion, and the Emotional and Mental Anguish exclusion. In addition, any obligations to the Estate are statutorily barred by Insurance Code section 533.

21. Farmers is informed and believes that Defendants contend to the contrary.

22. Farmers desires a judicial determination of Farmers' rights and obligations under the Policy.

23. It is both necessary and proper at this time for the Court to determine Farmers' rights, duties and obligations and its duty to defend the Estate with respect to the Underlying Action. An actual, present and justiciable controversy has therefore arisen between Farmers and Defendants regarding the duties owed, if any, to Defendants with respect to the Underlying Action.

24. No adequate remedy at law is available to Farmers. A judicial declaration is necessary and appropriate at this time in order that Farmers may obtain a ruling that it is not obligated to indemnify Defendants in the Underlying Action.

WHEREFORE, Farmers prays for judgment as set forth hereafter.

## PRAYER

Farmers prays for judgment against all Defendants as follows:

1. For a judicial determination and declaration that Farmers is not obligated to defend the Estate against the Underlying Action because there is no potential for covered damages;

2. For a judicial determination and declaration that Farmers is not obligated to indemnify the Estate in the Underlying Action;

3. For Farmers' costs of suit herein incurred; and

4. For such other and further relief as it deems just and proper.

Dated:  July 16. 2024                    SELVIN WRAITH LLP


By:    /s/ Gary R. Selvin
      Gary R. Selvin
      Robin D. Korte
      Attorneys for Attorneys for Plaintiff,
      FARMERS DIRECT PROPERTY AND
      CASUALTY INSURANCE COMPANY

463608.doc